[Cite as *State v. Henry*, 2026-Ohio-2924.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 25AP-461 |
| v. | : | (M.C. No. 2024 CRB 20444) |
| William M. Henry, III, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on July 30, 2026

**On brief:** *Zachary M. Klein*, City Attorney, *Melanie R. Tobias-Hunter*, and *Dave Pelletier*, for appellee.

**On brief:** *Mitchell A. Williams*, Public Defender, and *Leon J. Sinoff*, for appellant.

APPEAL from the Franklin County Municipal Court

DORRIAN, J.

{¶ 1} Defendant-appellant, William M. Henry, III, appeals from a judgment of the Franklin County Municipal Court convicting him of domestic violence and assault. For the following reasons, we affirm.

I. Facts and Procedural History

{¶ 2} The charges against appellant in this case arose out of a physical altercation between appellant and L.R., with whom appellant shared a 16-year-old daughter, P.C.H. The altercation occurred in a hospital room where P.C.H. was recovering from a scheduled surgery. The parties presented evidence and testimony at a bench trial.

{¶ 3} Appellant testified that, although L.R. was the custodial parent, P.C.H. had been living with appellant since P.C.H.'s school had informed him that P.C.H. reported that

L.R. was physically and mentally abusive to her. On the day of the surgery at the hospital, while in P.C.H.'s room during her post-surgery recovery, appellant and L.R. had a verbal altercation about who P.C.H. would stay with following surgery.

{¶ 4} Appellant testified that he held up papers purporting to detail L.R.'s abuse of P.C.H. He stated L.R. reached toward him to grab the papers, and bit him on the hand and wrist. Appellant stated he immediately left the room and asked for security.

{¶ 5} L.R. testified that she was on the phone with her husband while in the hospital room. When appellant reached over the bed and put the paperwork in her face, she "snatched" the papers out of his hand. (Tr. Vol. II at 222.) She stated appellant came around the side of the bed and started choking her. She admitted that she bit appellant during the incident. She stated that she was bleeding after the incident and had scratches on her face as well as other injuries, including a black eye. She stated that, at the time of trial, she still had scars on her face from the incident.

{¶ 6} P.C.H. testified that she recalled appellant showing papers to her mother who snatched them from appellant in an aggressive way. She stated appellant looked upset and walked around to the side of the bed toward L.R. to get the papers back. P.C.H. stated she did not see physical contact between her parents because they were behind the bed, but she heard L.R. screaming and saying, "help." (Tr. Vol. II at 296-97.)

{¶ 7} A patient care assistant assigned to P.C.H. testified that she was not in the room at the time of the altercation but heard L.R. call for help. When she entered the room, she saw appellant standing above L.R., who was sitting, and observed them verbally and physically fighting. She stated that each one had a scratch on their face.

{¶ 8} L.R.'s husband testified that he was on a FaceTime call with L.R. at the time of the altercation. He also testified that he saw appellant reach across the bed with a piece of paper which she snatched out of his hand. He stated he saw appellant "come around the bed and come after my wife," although he did not see appellant touching L.R. (Tr. Vol. II at 261.) He stated he could hear his wife gagging and choking.

{¶ 9} Police officers arrived after the incident and detained appellant. Appellant was charged by complaint in the Franklin County Municipal Court with misdemeanor violations of R.C. 2919.25 (domestic violence) and R.C. 2903.13 (assault).

{¶ 10} Following a bench trial, the trial court issued a written decision finding appellant guilty of both counts charged. The counts merged for sentencing and plaintiff-appellee, State of Ohio, elected for a sentence on the domestic violence offense for which the trial court imposed a period of community control.

## II. Assignments of Error

{¶ 11} Appellant timely appeals and assigns the following two assignments of error for our review:

> [I.] Appellant's Conviction Was Not Supported by Legally Sufficient Evidence Because No Rational Finder of Fact Could Conclude, Beyond a Reasonable Doubt, that Appellant 'Knowingly' Caused or Intended to Cause Harm to the Complainant.

> [II.] Appellant's Conviction Was Contrary to the Manifest Weight of the Evidence.

## III. Discussion

{¶ 12} Appellant's assignments of error challenge the sufficiency and weight of the evidence supporting his convictions.

{¶ 13} "[W]hether the evidence is sufficient as a matter of law to support a conviction involves a determination of whether the state met its burden of production at trial." *State v. Harris*, 2023-Ohio-3994, ¶ 14 (10th Dist.), citing *State v. Smith*, 2004-Ohio-4786, ¶ 16 (10th Dist.); *State v. Frazier*, 2007-Ohio-11, ¶ 7 (10th Dist.). In a sufficiency challenge, an appellate court does not weigh the evidence; rather, the court determines " ' "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." ' " *Harris* at ¶ 14, quoting *State v. Leonard*, 2004-Ohio-6235, ¶ 77, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. A reviewing court "essentially assume[s] the state's witnesses testified truthfully and determine[s] if that testimony and any other evidence presented at trial satisfies each element of the crime." *Harris* at ¶ 14, citing *State v. Watkins*, 2016-Ohio-8272, ¶ 31 (10th Dist.), citing *State v. Hill*, 2008-Ohio-4257, ¶ 41 (10th Dist.). Thus, evidence is sufficient to support a conviction where, if believed, that evidence would permit any rational trier of fact to

conclude that the state proved each element of the offense beyond a reasonable doubt. *Harris* at ¶ 14, citing *Frazier* at ¶ 7, citing *Jenks* at paragraph two of the syllabus.

{¶ 14} A manifest weight claim "attacks the credibility of the evidence presented and questions whether the state met its burden of persuasion." *Harris* at ¶ 15, citing *State v. Richey*, 2018-Ohio-3498, ¶ 50 (10th Dist.), citing *Eastley v. Volkman*, 2012-Ohio-2179, ¶ 11-13. Although the evidence may be sufficient to sustain a guilty verdict, a manifest weight challenge requires a different type of analysis. *Harris* at ¶ 15, citing *State v. Walker*, 2003-Ohio-986, ¶ 43 (10th Dist.). The weight of the evidence concerns the inclination of the greater amount of credible evidence offered in a trial to support one side of the issue rather than the other. *State v. Petty*, 2017-Ohio-1062, ¶ 60 (10th Dist.), citing *State v. Boone*, 2015-Ohio-2648, ¶ 49 (10th Dist.).

{¶ 15} Although an appellate court reviews credibility when assessing the manifest weight of the evidence, the court must be mindful that determinations regarding witness testimony and the weight of testimony are primarily for the trier of fact. *Harris* at ¶ 17, citing *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. This is so because the trier of fact is best able " 'to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.' " *Harris* at ¶ 17, quoting *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984).

{¶ 16} Appellant argues that his convictions were based on insufficient evidence because no rational finder of fact could conclude beyond a reasonable doubt that appellant "knowingly" caused or intended to cause harm to L.R. He also argues that the manifest weight of the evidence, based on witness testimony, does not support the convictions.

{¶ 17} Under R.C. 2903.13(A), the offense of assault states, "No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn." Under R.C. 2919.25(A), the offense of domestic violence states, "No person shall knowingly cause or attempt to cause physical harm to a family or household member." Both offenses require that a person act "knowingly." "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B).

{¶ 18} Here, the trial court found L.R.'s version of events—that appellant advanced on her and began to attack her—more credible.  It noted that, "[i]n an intense moment with tensions elevated, Defendant should have been aware that his conduct (i.e., advancing toward [L.R.] with hands out - whether to simply retrieve the papers or to attack [L.R.]) will probably result in a physical altercation or would probably be of a more violent nature." (June 6, 2025 Decision & Entry at 9.)  The trial court concluded that appellant acted knowingly when he put the chain of events into motion aware that his conduct could cause, or was an attempt to cause, injury.

{¶ 19} After viewing the evidence in a light most favorable to the prosecution, we find that any rational trier of fact could have found that the state could prove beyond a reasonable doubt the "knowingly" element of the offenses for which appellant was convicted.  Other witnesses corroborated L.R.'s testimony that appellant was upset, that he went around the bed to approach her, and that he stood above her using his hands.  These facts are sufficient to establish the state's burden of production on the "knowingly" element. Therefore, we find that sufficient evidence supported the convictions.  Accordingly, we overrule appellant's first assignment of error.

{¶ 20} Additionally, we do not find that the trial court lost its way and created a manifest miscarriage of justice with respect to the convictions.  In a bench trial, the trial court was in the best position to weigh the credibility of the parties and witnesses and could reasonably believe the state's version of events.  Even where conflicting testimony is presented at trial, "an accused is not entitled to a reversal on manifest weight grounds merely because inconsistent evidence was presented at trial." *State v. Rankin*, 2011-Ohio-5131, ¶ 29 (10th Dist.).  "The finder of fact at trial is in the best position to weigh the credibility of testimony by assessing the demeanor of the witnesses and the manner in which they testify, their connection or relationship with the parties, and their interest, if any, in the outcome." *State v. Mullins*, 2016-Ohio-8347, ¶ 39 (10th Dist.).

{¶ 21} Additionally, a conviction is not against the manifest weight of the evidence because the trier of fact believed the state's version of the events over appellant's version. *State v. Gale*, 2006-Ohio-1523, ¶ 19 (10th Dist.).  The trier of fact is free to believe or disbelieve all or any of the testimony provided at trial.  *State v. Jackson*, 2002-Ohio-1257 (10th Dist.).

{¶ 22} As noted above, other witnesses corroborated L.R.'s version of the events. Additionally, appellant's version of events—that he reached across the bed with the papers and L.R. bit him—does not explain how L.R. received visible injuries from the altercation. It is also inconsistent with the testimony of the patient care assistant who stated she saw appellant standing above a seated L.R. using his hands in the altercation. Under the facts of this case, we cannot say that a manifest miscarriage of justice occurred. Therefore, we find that the convictions are not against the manifest weight of the evidence and thus overrule appellant's second assignment of error.

## IV. Conclusion

{¶ 23} Based on the evidence and testimony presented, we find that sufficient evidence supported the convictions, and they were not against the manifest weight of the evidence. Therefore, appellant's two assignments of error are overruled. Accordingly, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

BEATTY BLUNT and JAMISON, JJ., concur.

_____